**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
DANIEL MOTA and MARIA A. CAMARGO,

Plaintiffs, Case No.

- against -

LATAM AIRLINES GROUP S.A.,

Defendant.
-----------------------------------------------------------------x

**DEFENDANT LATAM AIRLINES GROUP S.A.'S NOTICE OF REMOVAL**

Defendant LATAM AIRLINES GROUP S.A. ("LATAM"), by its attorneys Condon & Forsyth LLP, hereby removes this action to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441(a), and 28 U.S.C. § 1446:

1. This action was commenced against LATAM in the Supreme Court of the State of New York, County of New York, by filing a Verified Complaint on or about March 17, 2026. LATAM received a copy of the Verified Complaint at their office in Miami, Florida on March 25, 2026. A copy of the Verified Complaint is attached as Exhibit "A." No further proceedings have been taken in this action.

2. The Verified Complaint alleges that plaintiffs incurred damages due to delays during international travel on LATAM flights between the United States and Brazil. *See* Exhibit A, ¶16. On August 27 and 28, 2025, Plaintiffs were passengers on LATAM flight 3307[1] between Florianopolis, Brazil (FLN) and Sao Paulo, Brazil (GRU) and connecting onward to LATAM

---

[1] Plaintiffs' counsel incorrectly listed the flight number for the Florianopolis to Sao Paulo flight as LA3683. *See* Exhibit A, ¶17. Per correspondence between LATAM and plaintiffs' counsel, the correct flight number is LA3307.

flight 8180 between Sao Paulo, Brazil and New York (JFK). *See id.* Plaintiffs allege damages arising from delays that occurred during transit in Sao Paulo and delays during the Sao Paulo to New York leg of their itinerary. *See generally* Exhibit A.

3. The Verified Complaint alleges economic damages in the amount of $1,524.00; statutory or punitive damages in the amount of $15,000.00; and costs, disbursements, and attorney's fees.

4. Based upon the allegations in the Verified Complaint, this Court has original jurisdiction over this action because of the existence of a federal question pursuant to 28 U.S.C. § 1331, and, therefore, the action may be removed pursuant to 28 U.S.C. § 1441(a).

5. The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Montreal, Canada on May 18, 1999, reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734 (1999) ("Montreal Convention"), and the rights of the parties to this action are governed by the provisions of said Montreal Convention. The United States and Brazil are both signatories to the Montreal Convention, and the Montreal Convention provides the exclusive remedy for delay claims between signatory nations. *See* Paradis v. Ghana Airways Ltd., 348 F. Supp. 2d 106, 113 (S.D.N.Y. 2004), *aff'd*, 194 F. App'x 5 (2d Cir. 2006) (Montreal Convention's preemptive effect applies even when plaintiff recharacterizes claims as state law contract causes of action). Accordingly, the underlying action may be removed to this Court by LATAM pursuant to the provisions of 28 U.S.C. §§ 1331 and 1441(a) as the action arises under a treaty of the United States - the Montreal Convention. *See, e.g.,* Mateo v. Jet Blue Airways Corp., 847 F. Supp. 2d 383 (E.D.N.Y. 2012).

9. Pursuant to 28 U.S.C § 1446(a), this Notice of Removal is filed in the United States District Court for the Southern District of New York which is the district and division where the state court action is pending.

10. This Notice of Removal is timely filed with this Court in accordance with 28 U.S.C. § 1441 and § 1446(b).

11. The undersigned counsel are authorized by LATAM to file this Notice of Removal, are licensed in the State of New York, and are members in good standing of the Bar of this Court.

12. LATAM, by virtue of filing this Notice of Removal, does not waive any defenses or objections available to it under all applicable laws.

13. Defendant LATAM will promptly give written notice of the filing of this Notice of Removal to plaintiff and shall file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, as required by 28 U.S.C. § 1446(d).

14. Accordingly, LATAM has satisfied the procedural requirements for removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, defendant LATAM AIRLINES GROUP S.A. prays that the above-entitled action now pending in the Supreme Court of the State of New York, County of New York, be removed to this Court.

Dated: New York, New York
April 21, 2026

CONDON & FORSYTH LLP

By ______________________

Anthony Battista, Esq. (AB 0783)
abattista@condonlaw.com
William de Wolff (5908199)
wdewolff@condonlaw.com

7 Times Square
New York, New York 10036
(212) 490-9100

TO: Joel J. Turney, Esq.
JOEL J. TURNEY, LLC
40 Broad Street, 23rd Floor
New York, New York 10004
(212) 964-7556

*Attorney for Plaintiff*
DANIEL MOTA and
MARIA A. CAMARGO