UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL MOTA and MARIA A. CAMARGO,

Plaintiffs,

v.

LATAM AIRLINES GROUP S.A.,

Defendant.

26-CV-3294 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiffs Daniel Mota and Maria A. Camargo bring this action against Defendant LATAM Airlines Group S.A. alleging breach of contract and deceptive business practices in violation of New York General Business Law § 349. For the reasons set forth below, the Court dismisses this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**BACKGROUND**

On March 17, 2026, Plaintiffs filed a putative class action against Defendant in New York Supreme Court, asserting claims for breach of contract and deceptive business practices in violation of New York General Business Law § 349. *See* Dkt. 1, Ex. A (Complaint) ¶¶ 27–47. Plaintiffs allege that Defendant misrepresented that their connecting flight from São Paulo, Brazil, to New York had been canceled, causing them to miss the flight despite arriving at the gate in time to board. *Id.* ¶¶ 16–21. Plaintiffs were then forced to take a flight the following day, which arrived in New York too late for them to attend the U.S. Open, depriving them of the value of their tickets. *Id.* ¶¶ 22–26.

On April 21, 2026, Defendant removed this action from New York Supreme Court to this Court. Dkt. 1 (Notice of Removal). Defendant subsequently filed an affidavit of service, Dkt. 2, and moved to dismiss on April 27, 2026, Dkt. 8. Plaintiffs have neither appeared nor opposed the

motion. Accordingly, on September 14, 2026, the Court ordered Plaintiffs to enter an appearance and either oppose the motion or inform the Court by letter that they did not intend to oppose it but nonetheless intended to prosecute this action. Dkt. 42 (September 14, 2026 Order). The Court warned that if Plaintiffs did not do so, "the Court will dismiss this case for failure to prosecute." *Id.* To date, Plaintiffs have neither opposed the motion to dismiss nor informed the Court that they intend to prosecute this action.

**LEGAL STANDARD**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.* Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

**DISCUSSION**

Several of the above factors weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiffs' non-compliance is significant. Plaintiffs have not communicated with the Court at any point since this action was removed to this Court on April 21, 2026, despite the Court's order directing them to respond. *See, e.g.*, *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"); *Toliver v. Okvist*, No. 10-CV-5354, 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (R. & R.) (recommending the dismissal of a case under Rule 41(b), where the plaintiff's response to a court order was five weeks overdue), *adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015). Second, Plaintiffs were on notice that their failure to comply would result in dismissal. The Court's September 14, 2026 Order explicitly warned Plaintiffs that this action would be dismissed if they failed to respond. *See Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal"). Third, Plaintiffs have been given an opportunity to be heard. Indeed, the Court gave Plaintiffs an opportunity to respond to Defendant's motion to dismiss or indicate an intent to prosecute this case before dismissal. Fourth, this case has been pending for nearly six months, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every

action and proceeding." Fed. R. Civ. P. 1. In light of these considerations, the Court finds that Plaintiffs' non-compliance warrants dismissal.

On balance, however, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *Baptiste*, 768 F.3d at 216. Any prejudice to Defendant has been minimal. Despite the length of time this case has been pending, the record does not indicate that Defendant has had any substantive involvement in the case beyond filing a motion to dismiss. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself."). Moreover, this action has not substantially burdened the Court's docket. The Court has not decided any substantive motions, held any hearings, presided over any discovery, or scheduled trial. Under these circumstances, the Court finds that dismissal without prejudice is a less harsh, and more appropriate, sanction for Plaintiffs' failure to communicate with the Court or to comply with the Court's order. *See, e.g.*, *Ortega v. Mutt*, No. 14-CV-9703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (internal quotation marks omitted)); *see also* 2 Moore's Federal Practice § 19.101 ("The alternative sanctions that the court should consider include . . . dismissal without prejudice . . . .").

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

Dated: October 13, 2026
New York, New York

Hon. Ronnie Abrams
United States District Judge